# EXHIBIT A

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SIXTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MONROE</u>   COUNTY, FLORIDA

<u>PIERRE MURA</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>HOME DEPOT U.S.A. INC.</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

<u>9</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Alberto Naranjo</u>        Fla. Bar # <u>92923</u>
      Attorney or party                   (Bar # if attorney)

<u>Alberto Naranjo</u>          <u>05/10/2021</u>
  (type or print name)        Date

Filing # 126526498 E-Filed 05/10/2021 07:40:42 PM

**IN THE CIRCUIT COURT OF**
**THE SIXTEENTH JUDICIAL CIRCUIT**
**IN AND FOR MONROE COUNTY, FLORIDA**

**Case No.**

PIERRE MURA,

      Plaintiff,

vs.

HOME DEPOT U.S.A. INC.,

      Defendant.

_____/

**COMPLAINT**

1. Pierre Mura, ("Plaintiff"), brings this action against Home Depot U.S.A. Inc., a.k.a. The Home Depot, Inc. ("Defendant") alleging as follows:

**JURY DEMAND**

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

**<u>PARTIES, VENUE AND JURISDICTION</u>**

3. Plaintiff was at all relevant times hereto employed by Defendant. Plaintiff is over the age of 18 and is otherwise *sui juris*.

4. Defendant is an employer within Monroe County, which at all relevant times hereto violated Plaintiff's employment rights under the Florida Civil Rights Act (FCRA), Title VII of the Civil Rights Act (Title VII) and for violation of 42 U.S.C. § 1981 ("Section 1981"). Defendant is otherwise *sui juris*.

5. Venue is proper in Monroe County because Defendant employed Plaintiff in the county, and because the causes of action otherwise occurred in the County.

6. Venue is also proper in that Plaintiff and/or Defendant ("Parties") resides in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7. All conditions precedent to the bringing of this action have occurred or been performed, i.e., a Charge of Discrimination was dually filed with the EEOC and FCHR on or about January 08, 2019, Right to Sue Letter issued by the EEOC on February 17, 2021, and a lawsuit filed before the expiration of the Right to Sue letter from the EEOC.

8. This Court has jurisdiction over this action pursuant as well as supplemental jurisdiction over Plaintiff's related claims arising under federal, state and/or local laws.

## COUNT ONE
### Discrimination Color - FCRA

9. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

10. At all relevant times Plaintiff was an employee of Defendant and was qualified.

11. Plaintiff started working for Defendant on or about January 13, 2008 and was terminated on or about March 25, 2018.

12. Plaintiff worked as a warehouse associate.

13. Plaintiff's protected category is his color, black.

14. Plaintiff had no issue at work until he was assaulted by a white employee. More specially, a white employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a

"lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer.

15. It is telling that Plaintiff was the only black employee at the store and that Plaintiff was terminated yet Arturo continued to work for Defendant.

16. Defendant's reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

17. The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and practice, caused Defendant's harassment, discrimination, and/or termination, acting by and through its employees which caused; an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

18. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

19. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

20. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to

be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

21. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

22. Plaintiff hereby requests a jury trial.

23. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT TWO
### Discrimination Race - FCRA

24. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

25. At all relevant times Plaintiff was an employee of Defendant and was qualified.

26. Plaintiff started working for Defendant on or about January 13, 2008 and was terminated on or about March 25, 2018.

27. Plaintiff worked as a warehouse associate.

28. Plaintiff's protected category is his race, of Afro-Caribbean.

29. Plaintiff had no issue at work until he was assaulted by a Hispanic employee. More specially, a Hispanic employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer.

30. It is telling that Plaintiff was the only Afro-Caribbean employee at the store and that Plaintiff was terminated yet Arturo continued to work for Defendant.

31. Defendant's reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

32. The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and practice, caused Defendant's harassment, discrimination, and/or termination, acting by and through its employees which caused; an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

33. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

34. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

35. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the

imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

36. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

37. Plaintiff hereby requests a jury trial.

38. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

### COUNT THREE
### Discrimination National Origin - FCRA

39. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

40. At all relevant times Plaintiff was an employee of Defendant and was qualified.

41. Plaintiff started working for Defendant on or about January 13, 2008 and was terminated on or about March 25, 2018.

42. Plaintiff worked as a warehouse associate.

43. Plaintiff's protected category is his National Origin, Haitian.

44. Plaintiff had no issue at work until he was assaulted by a non-Haitian employee. More
specially, an employee by the name of Arturo grabbed Plaintiff by the chest and called
Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff
complained to management that Arturo refused to assist Plaintiff with customer.

45. It is telling that Plaintiff was the only Haitian employee at the store, that Arturo commented
to Plaintiff that he should go back to Haiti and stop taking jobs away from American people,
plus that Plaintiff was terminated yet Arturo continued to work for Defendant.

46. Defendant's reason for termination is pretextual, as Plaintiff never assaulted, touched, or
fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be
touched.

47. The causal link between Plaintiff's protected category and Defendant's adverse actions,
differential treatment, and/or pattern and practice, caused Defendant's harassment,
discrimination, and/or termination, acting by and through its employees which caused;  an
adverse employment actions; lead to a pattern, practice and/or policy of illegal employment
action; failure to enforce any policy against such illegal activity; failure to follow
Defendant's own employment policies;  and/or Defendant took these adverse employment
actions in substantial part because of Plaintiff's protected category.

48. Defendant did not act in good faith nor did they have an objective, reasonable ground to
believe that their action did not violate the law.

49. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages:
wages, both in the past, present, and future, as well as compensatory damages, etc.

50. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

51. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

52. Plaintiff hereby requests a jury trial.

53. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT FOUR
### Discrimination Color - TITLE VII

54. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

55. At all relevant times Plaintiff was an employee of Defendant and was qualified.

56. Plaintiff started working for Defendant on or about January 13, 2008 and was terminated on or about March 25, 2018.

57. Plaintiff worked as a warehouse associate.

58. Plaintiff's protected category is his color, black.

59. Plaintiff had no issue at work until he was assaulted by a white employee. More specially, a white employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer.

60. It is telling that Plaintiff was the only black employee at the store and that Plaintiff was terminated yet Arturo continued to work for Defendant.

61. Defendant's reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

62. The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and practice, caused Defendant's harassment, discrimination, and/or termination, acting by and through its employees which caused; an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

63. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

64. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

65. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

66. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

67. Plaintiff hereby requests a jury trial.

68. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

### COUNT FIVE
### Discrimination Race - TITLE VII

69. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

70. At all relevant times Plaintiff was an employee of Defendant and was qualified.

71. Plaintiff started working for Defendant on or about January 13, 2008 and was terminated on or about March 25, 2018.

72. Plaintiff worked as a warehouse associate.

73. Plaintiff's protected category is his race, of Afro-Caribbean.

74. Plaintiff had no issue at work until he was assaulted by a Hispanic employee. More specially, a Hispanic employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer.

75. It is telling that Plaintiff was the only Afro-Caribbean employee at the store and that Plaintiff was terminated yet Arturo continued to work for Defendant.

76. Defendant's reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

77. The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and practice, caused Defendant's harassment, discrimination, and/or termination, acting by and through its employees which caused; an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

78. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

79. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

80. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

81. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

82. Plaintiff hereby requests a jury trial.

83. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT SIX**
**Discrimination National Origin - TITLE VII**

84. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

85. At all relevant times Plaintiff was an employee of Defendant and was qualified.

86. Plaintiff started working for Defendant on or about January 13, 2008 and was terminated on or about March 25, 2018.

87. Plaintiff worked as a warehouse associate.

88. Plaintiff's protected category is his National Origin, Haitian.

89. Plaintiff had no issue at work until he was assaulted by a non-Haitian employee. More specially, an employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer.

90. It is telling that Plaintiff was the only Haitian employee at the store, that Arturo commented to Plaintiff that he should go back to Haiti and stop taking jobs away from American people, plus that Plaintiff was terminated yet Arturo continued to work for Defendant.

91. Defendant's reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

92. The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and practice, caused Defendant's harassment, discrimination, and/or termination, acting by and through its employees which caused; an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies;  and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

93. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

94. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

95. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

96. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

97. Plaintiff hereby requests a jury trial.

98. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT SEVEN
### Discrimination Color - SECTION 1981

99. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

100.    At all relevant times Plaintiff was an employee of Defendant and was qualified.

101.    Plaintiff started working for Defendant on or about January 13, 2008 and was terminated

on or about March 25, 2018.

102.    Plaintiff worked as a warehouse associate.

103.    Plaintiff's protected category is his color, black.

104.    Plaintiff had no issue at work until he was assaulted by a white employee. More

specially, a white employee by the name of Arturo grabbed Plaintiff by the chest and called

Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff

complained to management that Arturo refused to assist Plaintiff with customer.

105.    It is telling that Plaintiff was the only black employee at the store and that Plaintiff was

terminated yet Arturo continued to work for Defendant.

106.    Defendant's reason for termination is pretextual, as Plaintiff never assaulted, touched, or

fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be

touched.

107.    The causal link between Plaintiff's protected category and Defendant's adverse actions,

differential treatment, and/or pattern and practice, caused Defendant's harassment,

discrimination, and/or termination, acting by and through its employees which caused;  an

adverse employment actions; lead to a pattern, practice and/or policy of illegal employment

action; failure to enforce any policy against such illegal activity; failure to follow

Defendant's own employment policies;  and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

108.  Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

109.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

110.  Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

111.  Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

112.  Plaintiff hereby requests a jury trial.

113.  WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such

additional or alternative relief as the Court deems just and proper and/or which Plaintiff may
be entitled to under the applicable laws.

## COUNT EIGHT
### Discrimination Race - SECTION 1981

114. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

115. At all relevant times Plaintiff was an employee of Defendant and was qualified.

116. Plaintiff started working for Defendant on or about January 13, 2008 and was terminated
on or about March 25, 2018.

117. Plaintiff worked as a warehouse associate.

118. Plaintiff's protected category is his race, of Afro-Caribbean.

119. Plaintiff had no issue at work until he was assaulted by a Hispanic employee. More
specially, a Hispanic employee by the name of Arturo grabbed Plaintiff by the chest and
called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff
complained to management that Arturo refused to assist Plaintiff with customer.

120. It is telling that Plaintiff was the only Afro-Caribbean employee at the store and that
Plaintiff was terminated yet Arturo continued to work for Defendant.

121. Defendant's reason for termination is pretextual, as Plaintiff never assaulted, touched, or
fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be
touched.

122. The causal link between Plaintiff's protected category and Defendant's adverse actions,
differential treatment, and/or pattern and practice, caused Defendant's harassment,
discrimination, and/or termination, acting by and through its employees which caused; an
adverse employment actions; lead to a pattern, practice and/or policy of illegal employment
action; failure to enforce any policy against such illegal activity; failure to follow

Defendant's own employment policies;  and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

123.    Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

124.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

125.    Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

126.    Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

127.    Plaintiff hereby requests a jury trial.

128.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such

additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT NINE
### Discrimination National Origin - SECTION 1981

129. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

130. At all relevant times Plaintiff was an employee of Defendant and was qualified.

131. Plaintiff started working for Defendant on or about January 13, 2008 and was terminated on or about March 25, 2018.

132. Plaintiff worked as a warehouse associate.

133. Plaintiff's protected category is his National Origin, Haitian.

134. Plaintiff had no issue at work until he was assaulted by a non-Haitian employee. More specially, an employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer.

135. It is telling that Plaintiff was the only Haitian employee at the store, that Arturo commented to Plaintiff that he should go back to Haiti and stop taking jobs away from American people, plus that Plaintiff was terminated yet Arturo continued to work for Defendant.

136. Defendant's reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

137. The causal link between Plaintiff's protected category and Defendant's adverse actions, differential treatment, and/or pattern and practice, caused Defendant's harassment,

discrimination, and/or termination, acting by and through its employees which caused;  an

adverse employment actions; lead to a pattern, practice and/or policy of illegal employment

action; failure to enforce any policy against such illegal activity; failure to follow

Defendant's own employment policies;  and/or Defendant took these adverse employment

actions in substantial part because of Plaintiff's protected category.

138.    Defendant did not act in good faith nor did they have an objective, reasonable ground to

believe that their action did not violate the law.

139.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered

damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

140.    Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate

cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were

aggravated by the kind of willfulness, wantonness, and malice for which the law allows the

imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to

be determined by the trier of fact to serve as punishment to deter Defendant from such

conduct in similar situations.

141.    Defendant' actions and conduct as described herein and the resulting damage and loss to

Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak

Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks

recovery of reasonable and necessary attorney's fees.

142.    Plaintiff hereby requests a jury trial.

143.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as

follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future

loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages;

order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

Dated: May 10, 2021                    Respectfully submitted,

/s/Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
United States
Office: 305-942-8070
Email: an@anlawfirm.com
Counsel for Plaintiff

### IN THE CIRCUIT COURT OF THE SIXTEENTH
### JUDICIAL CIRCUIT IN AND FOR MONROE COUNTY FLORIDA

PIERRE MURA )
)
)
Plaintiff, )
)
vs. )     CASE NO.: 21-CA-000322-K
)
HOME DEPOT U.S.A. INC., )
)
Defendant. )
)

### SUMMONS IN A CIVIL CASE

**TO:** HOME DEPOT U.S.A., INC., through its Registered Agent:

Corporation Service Company
1201 Hays Street
Tallahassee FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint. You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                    DATE

_____
(BY) DEPUTY CLERK

## IN THE CIRCUIT COURT OF THE SIXTEENTH
## JUDICIAL CIRCUIT IN AND FOR MONROE COUNTY FLORIDA

PIERRE MURA       )
             )
   **Plaintiff,**     )
             )
vs.           )   **CASE NO.: 21-CA-000322-K**
             )
HOME DEPOT U.S.A. INC.,   )
             )
   **Defendant.**     )
_____ )

### SUMMONS IN A CIVIL CASE

**TO:** HOME DEPOT U.S.A., INC., through its Registered Agent:

Corporation Service Company
1201 Hays Street
Tallahassee FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint. You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

*KEVIN MADOK*   *5/26/21*
_____ _____
CLERK        DATE

_____
(BY) DEPUTY CLERK

**IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA IN AND FOR MONROE COUNTY**

CASE NO: 2021-CA-322-K

PIERRE MURA,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

_____/

## PRELIMINARY GENERAL CIVIL CASE MANAGEMENT/SCHEDULING ORDER

THIS CASE having been reviewed by the Court pursuant to Rule 1.200(a), Florida Rules of Civil Procedure, and Rule 2.250, Florida Rules of Judicial Administration, with regard to the Court's obligations thereunder, and the Court being fully advised in the premises, it is hereby,

**ORDERED** as follows:

## MEET AND CONFER TO CREATE AGREED DEADLINES FOR CASE:

Within **20 days** of the entry of appearance of counsel, counsel are ordered to meet and confer, to discuss and stipulate to reasonable time deadlines for this scheduling order, that are agreeable to all parties, and may more closely meet the needs of the litigants, given the nature of the case and matters in controversy. The form of the order may not be generally changed without leave of Court. If all counsel are able to reach an agreement on suitable deadlines which differ from the deadlines set forth herein, counsel shall submit an Agreed Scheduling Order to the Court for entry. The Court will generally not approve agreed modifications which would put the case beyond the Florida Supreme Court's time standards, absent good cause shown. Unless and until such time as all counsel have complied with this provision, and an Agreed Scheduling Order has been entered, the deadlines set forth hereafter shall govern this case. The procedure set forth above may also be used by counsel to seek modification of the Scheduling Order as the case progresses, as may be helpful to the parties and counsel.

Counsel herein are advised that the deadlines set forth herein will not be extended solely by reason of the failure to serve process on parties, addition of new parties, claims or counterclaims to the case, pendency of motions directed to the pleadings, changes in the trial date, or stipulations between the parties or their counsel, absent good cause shown and an order specifically extending the deadlines.

1. **PLAINTIFF ORDERED TO SERVE SCHEDULING ORDER:** Plaintiff's attorney is hereby Ordered to serve a copy of this Scheduling Order on each Defendant once service is obtained, and further, shall serve a copy on any new party to the action, within **10 days** of service of pleadings on that party. **PLAINTIFF IS REQUIRED TO SERVE A NOTICE OF SERVICE OF SCHEDULING ORDER FOR EACH SUCH SERVICE, WITH A COPY EMAILED TO THE COURT'S JUDICIAL ASSISTANT.** Any party not timely served with the Scheduling Order who has thereby been deprived of time to complete deadline items shall discuss this with all other counsel and seek a stipulated amendment to the deadlines, failing which the aggrieved party may seek relief from the Court.

2. **SERVICE OF COMPLAINT:** The deadline for service of the initial complaint is **120 days** from filing of complaint and any requests for extensions, if granted, shall not exceed **240 days** from date of filing. When a motion for leave to amend with the attached proposed amended complaint is filed, the additional period for service of the amended complaint shall begin upon entry of an order granting leave to amend.

3. **FACT WITNESSES AND EXHIBITS:** All fact witnesses and exhibits must be disclosed no later than **120 days** from filing of complaint by the party bearing the burden of proof on the issue the witness will testify on; the party not bearing the burden of proof on that issue will have an additional **30 days** thereafter to disclose witnesses, if any.

4. **EXPERT WITNESSES:** All expert witnesses must be disclosed no later than **180 days** from filing of complaint by the party bearing the burden of proof on the issue that the expert will testify on; the party not bearing the burden of proof on that issue shall have an additional **30 days** thereafter to disclose experts, if any.

5. **DISCOVERY DEADLINE:** All discovery (including obtaining rulings on discovery motions) shall be completed by no later than **450 days** from filing of complaint. "Completed" means responses have been received, discovery motions have been ruled on, and all discovery matters fully resolved. This discovery deadline shall not prevent the taking of depositions to perpetuate testimony and depositions of records custodians to establish evidentiary predicates for trial, however, depositions to perpetuate testimony and of record custodians must be completed prior to the Pretrial Conference, and no continuances will be granted as a result of failure to comply with this requirement.

6. **DISCOVERY DISPUTES:** All counsel are directed to meet and confer on such disputes, as set forth below, and if no agreement is achieved, counsel may be required to personally attend any hearing on such discovery dispute.

7. **MOTION PRACTICE AND PROCEDURE:**

    a. **GENERAL MOTION FILING DEADLINE:** All motions, (excluding

discovery motions which are controlled by paragraph 4, above) shall be filed no later than **30 days** after the discovery deadline. Any motion filed after that date will be deemed untimely and may be thereupon denied.

**b.** **GENERAL MOTION HEARING DEADLINE:** Timely filed motions shall be scheduled and heard no later than **45 days** after the discovery deadline. Any motions not heard by that date may be denied as untimely.

**c.** **MOTIONS DIRECTED TO THE PLEADINGS:** All motions directed to the pleadings shall be accompanied by a notice of hearing that sets any such motion for hearing to be held within **60 days** of the date of filing of the motion. Any party unable to secure hearing time to comply herewith is directed to call the Court's Judicial Assistant immediately so that hearing time can be made available. The parties are advised that the Court's Trial Order will summarily deny all motions directed to the pleadings that have been filed without being set for hearing as required above. These requirements may be excused only upon good cause shown, upon motion of any party and order of the Court.

**d.** **MOTION SETTING: Open Motion Calendar:** Motions of 30 minutes or less may be scheduled on the court's Open Motion calendar by contacting Jason Smith at Jason.Smith@keyscourts.net. Motions in excess of 30 minutes and all evidentiary motions may be specially set by calling Judicial Assistant, Laurel Bogoeff, at (305) 292-3433. No evidentiary motions are permitted on the open motion calendar.

**e.** **REMOTE HEARING PROCEDURES:** All counsel or parties appearing remotely shall utilize Zoom at the following Zoom meeting ID and passcode until further notice.

   Judge Koenig's Zoom information:

   Meeting ID: 947-3919-4524
   Passcode: 703724

**f.** **MOTION PROCEDURE:** Motions shall be filed with the Clerk before hearing time is reserved. A courtesy copy of all motions and memoranda in response may be mailed or delivered (no facsimiles) to the Judge's Chambers for delivery at least 5 days before the hearing for all telephonic hearings, or a courtesy copy shall otherwise be brought to the hearing for the court's use. Should the Court find that there is no motion in the Court file at the time of the hearing, the hearing may be cancelled.

Motions must be set for hearing within **60 days** of filing, except as limited in paragraph (a), above. Oral argument shall be deemed waived on motions not heard within 60 days of filing. Allstate Ins. Co. v. Montgomery Ward, 538 So.2d 974 (Fla. 5th DCA 1989).

**g.  ALL MOTIONS AND DEPOSITION DATES TO BE CLEARED:**
Counsel shall not schedule a motion hearing or a deposition on a date or time that has not been cleared on all other counsel's calendar(s).  The lawyer setting the hearing has the responsibility to determine if any other lawyer wishes to appear telephonically, and if so, the matter may <u>only</u> be set on the afternoon telephonic docket.  If counsel are unable to agree on dates or times for hearings or depositions, the moving party shall set the dispute for hearing by motion on a time and date provided by the Court's Judicial Assistant.  All counsel may be required to personally attend such hearings with their calendars, and no telephonic appearance will be permitted, absent leave of Court.

**h.  MEET AND CONFER REQUIREMENT:**  Counsel shall meet and confer regarding all disputed issues <u>before</u> setting a hearing to resolve those issues on motion.  Failure to comply with this requirement may result in removal of motions from the docket, rescheduling of motions by the Court, denial of motions, or sanctions, as appropriate.

**i.  EMERGENCY MOTIONS:**  An emergency motion is based on an immediate threat to life, limb or property.  The Court will set aside all other pending matters to address <u>bona fide</u> emergencies.  Scheduling conflicts between counsel, last minute attempts to modify deadlines, and similar issues are not "emergencies" and may not be styled as such to obtain expedited relief from the Court.  Counsel are directed to meet and confer regarding such issues and either submit a stipulation and agreed order, or to schedule such matters for hearing on the Court's regular motion calendar.

**8.  MEDIATION REQUIREMENT:**  The Court requires mediation in all civil cases, unless otherwise ordered.  This order shall constitute a referral to mediation by the Court pursuant to Fl.R.Civ.Pro. 1.700(a), and the rules, procedures and other requirements set forth in Rules 1.700-1.730, are applicable, including the imposition of sanctions, which includes attorney's fees and costs, <u>inter alia</u>, regarding all mediations conducted in or regarding this case.  The parties will complete mediation of this case after the Motion Hearing Deadline and before the Pretrial; no more than **450 days** after filing of complaint.  Previous, unsuccessful attempts at mediation may not be deemed a sufficient basis to be excused from this mediation requirement.   Plaintiff's counsel is directed to coordinate the mediation with all other counsel.  All parties are ordered to appear in person for the mediation, and a claims adjuster with full settlement authority is also ordered to appear in person in cases where any portion of the defense is being conducted by an insurance carrier.  Failure to comply with this requirement may be sanctioned by the Court as appropriate.  If no mediation report showing compliance herewith is in the Court file at the Pretrial Conference, the Court may impose appropriate sanctions, including case dismissal or striking of pleadings.

**9.  MOTIONS IN LIMINE:**  These motions must typically be filed and heard as set forth above.  The Court will hear motions in limine after these deadlines only upon

a showing that the factual basis for the motion could not have been reasonably known by counsel before the general motion deadline.

10. **TRIAL SETTING AND PRETRIAL CONFERENCE.** Counsel are advised that this Order is not a Trial Order, but is a Scheduling Order to enforce compliance with time standards set forth below. By Separate Trial Order, this case will be set for trial no less than **30 days** after expiration of the General Motion Hearing Deadlines. Counsel are directed to be fully prepared for trial by this date. Counsel shall notify the Court immediately, if trial of this cause is anticipated to be longer than **5 days,** by serving and filing a Notice of Anticipated Lengthy Trial estimating the number of trial days, and delivering a copy of same to the Judge's Chambers.

11. **PROJECTED DATE OF TRIAL:** The projected date of trial is November 10, 2022 (18 months from date of filing). A firm trial date will be ordered by the presiding judge when the case is at issue.

12. **CASE MANAGEMENT AND OVER TIME STANDARDS CASES:** The court will regularly review the case for case management purposes. An Order Setting Case Management Conference may issue if either of the parties fail to progress the case as required by this scheduling order. A failure to progress may result in dismissal without prejudice on the court's own motion, or such other sanctions or remedies as may be appropriate. Counsel are advised that discovery will not be reopened, and continuance of the trial date will not be granted for cases that have exceeded these time standards:

    12 months from the filing to disposition for non-jury cases; or
    18 months from the filing to disposition for jury cases or;

absent a showing of extraordinary circumstances that justify such a request.

13. **SETTLEMENT:** Counsel shall file a fully signed, written stipulation and proposed order of dismissal before any settled case will be taken off the Court's docket.

DONE and ORDERED in Chambers at Key West, Monroe County, Florida, this 25 day of May, 2021.

TIMOTHY J. KOENIG
CIRCUIT JUDGE

cc:    Alberto Naranjo, P.A.- an@anlawfirm.com

## VERIFIED RETURN OF SERVICE

| State of Florida | County of Monroe | Circuit Court |
|---|---|---|

Case Number: 21-CA-000322-K

Plaintiff:
**PIERRE MURA**

vs.

Defendant:
**HOME DEPOT U.S.A. INC.,**



RCG2021005375

For:
Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln.
#400
Miami Lakes, FL 33016

Received by Christopher S. Kady on the 18th day of June, 2021 at 9:30 am to be served on **Home Depot U.S.A. Inc. c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.**

I, Christopher S. Kady, do hereby affirm that on the **18th day of June, 2021 at 11:10 am, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the **SUMMONS IN CIVIL CASE, COMPLAINT and PRELIMINARY GENERAL CIVIL CASE MANAGEMENT/ SCHEDULING ORDER** with the date and hour of service endorsed thereon by me, to: **Ronnie Long as Service Liaison** authorized to accept service, of the within named corporation, at the address of: **1201 Hays St, Tallahassee, FL 32301** on behalf of **Home Depot U.S.A. Inc.,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 140, Hair: Blonde, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.                      "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO FS 92.525

**Christopher S. Kady**
Process Server #237

**TRGT LEGAL**
**PO BOX 1066**
**PINELLAS PARK, FL 33781**
**(888) 642-0130**

Our Job Serial Number: RCG-2021005375

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1z

Filing # 127662902 E-Filed 05/27/2021 11:52:27 AM

Filing # 127319610 E-Filed 05/25/2021 04:56:00 PM

## IN THE CIRCUIT COURT OF THE SIXTEENTH
## JUDICIAL CIRCUIT IN AND FOR MONROE COUNTY FLORIDA

PIERRE MURA        )

    Plaintiff,     )

            )

vs.           )  **CASE NO.: 21-CA-000322-K**

            )

HOME DEPOT U.S.A. INC.,    ) Served Date: ___JUN 18 2021___ Time: _11:10am_

            )  Christopher Kady #237

    Defendant.    )  2nd Judicial Circuit

### SUMMONS IN A CIVIL CASE

**TO:** HOME DEPOT U.S.A., INC., through its Registered Agent:

Corporation Service Company
1201 Hays Street
Tallahassee FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint. You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

_KEVIN MADOK_  _5/26/21_
CLERK     DATE

_(signature)_
(BY) DEPUTY CLERK