UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-10069-JLK

PIERRE MURA,

      Plaintiff,

vs.

HOME DEPOT U.S.A. INC. and
THE HOME DEPOT, INC,

      Defendants.

_____/

**SECOND AMENDED COMPLAINT**

1. Pierre Mura, ("Plaintiff"), brings this action against The Home Depot, Inc., and. Home Depot U.S.A. Inc., ("Defendants"), and files this Second Amended Complaint pursuant to pursuant to Federal Rule of Civil Procedure 15(a)(2) and the opposing party's written consent, and alleges as follows:

**JURY DEMAND**

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

**<u>PARTIES, VENUE AND JURISDICTION</u>**

3. Plaintiff was at all relevant times hereto employed by Defendants. Plaintiff is over the age of 18 and is otherwise *sui juris*.

4. Defendants is an employer within Monroe County, which at all relevant times hereto violated Plaintiff's employment rights under the Florida Civil Rights Act (FCRA), Title VII of the

Civil Rights Act (Title VII) and for violation of 42 U.S.C. § 1981 ("Section 1981").

Defendants is otherwise *sui juris*.

5. Venue is proper in Monroe County because Defendants employed Plaintiff in the county, and because the causes of action otherwise occurred in the County.

6. Venue is also proper in that Plaintiff and/or Defendants ("Parties") resides in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7. All conditions precedent to the bringing of this action have occurred or been performed, i.e., a Charge of Discrimination was dually filed with the EEOC and FCHR on or about January 08, 2019, Right to Sue Letter issued by the EEOC on February 17, 2021, and a lawsuit filed before the expiration of the Right to Sue letter from the EEOC.

8. This Court has jurisdiction over this action pursuant as well as supplemental jurisdiction over Plaintiff's related claims arising under state and/or local laws.

## COUNT ONE
## Discrimination Color - FCRA

9. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

10. At all relevant times Plaintiff was an employee of Defendants and was qualified.

11. Plaintiff started working for Defendants on or about January 13, 2008 and was terminated on or about March 25, 2018.

12. Plaintiff worked as a warehouse associate.

13. Plaintiff's protected category is his color, black.

14. Plaintiff had no issue at work until he was assaulted by a white employee. More specially, a white employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer and after Plaintiff complained that Arturo was discriminating against the Plaintiff.

15. It is telling that Plaintiff was the only black employee in his shift and that Plaintiff was terminated yet Arturo continued to work for Defendants despite Plaintiff's complaint of discrimination prior to being assaulted.

16. Defendants' reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

17. The causal link between Plaintiff's protected category and Defendants' adverse actions, differential treatment, and/or pattern and practice, caused Defendants' harassment, discrimination, and/or termination, acting by and through its employees which caused;  an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendants' own employment policies;  and/or Defendants took these adverse employment actions in substantial part because of Plaintiff's protected category.

18. Defendants did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

19. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

20. Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

21. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

22. Plaintiff hereby requests a jury trial.

23. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT TWO**
**Discrimination Race - FCRA**

24. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

25. At all relevant times Plaintiff was an employee of Defendants and was qualified.

26. Plaintiff started working for Defendants on or about January 13, 2008 and was terminated on or about March 25, 2018.

27. Plaintiff worked as a warehouse associate.

28. Plaintiff's protected category is his race, of Afro-Caribbean.

29. Plaintiff had no issue at work until he was assaulted by a Hispanic employee. More specially, a Hispanic employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer and after Plaintiff complained that Arturo was discriminating against the Plaintiff.

30. It is telling that Plaintiff was the only Afro-Caribbean employee in his shift and that Plaintiff was terminated yet Arturo continued to work for Defendants despite Plaintiff's complaint of discrimination prior to being assaulted.

31. Defendants' reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

32. The causal link between Plaintiff's protected category and Defendants' adverse actions, differential treatment, and/or pattern and practice, caused Defendants' harassment, discrimination, and/or termination, acting by and through its employees which caused;  an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendants' own employment policies;  and/or Defendants took these adverse employment actions in substantial part because of Plaintiff's protected category.

33. Defendants did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

34. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

35. Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

36. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

37. Plaintiff hereby requests a jury trial.

38. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT THREE**
**Discrimination National Origin - FCRA**

39. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

40. At all relevant times Plaintiff was an employee of Defendants and was qualified.

41. Plaintiff started working for Defendants on or about January 13, 2008 and was terminated on or about March 25, 2018.

42. Plaintiff worked as a warehouse associate.

43. Plaintiff's protected category is his National Origin, Haitian.

44. Plaintiff had no issue at work until he was assaulted by a non-Haitian employee. More specially, an employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer and after Plaintiff complained that Arturo was discriminating against the Plaintiff.

45. It is telling that Plaintiff was the only Haitian employee in his shift, that Arturo commented to Plaintiff that he should go back to Haiti and stop taking jobs away from American people, plus that Plaintiff was terminated yet Arturo continued to work for Defendants despite Plaintiff's complaint of discrimination prior to being assaulted.

46. Defendants' reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

47. The causal link between Plaintiff's protected category and Defendants' adverse actions, differential treatment, and/or pattern and practice, caused Defendants' harassment, discrimination, and/or termination, acting by and through its employees which caused; an

adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendants' own employment policies;  and/or Defendants took these adverse employment actions in substantial part because of Plaintiff's protected category.

48. Defendants did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

49. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

50. Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

51. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

52. Plaintiff hereby requests a jury trial.

53. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in

lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and

reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such

additional or alternative relief as the Court deems just and proper and/or which Plaintiff may

be entitled to under the applicable laws.

**COUNT FOUR**
**Discrimination Color - TITLE VII**

54. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

55. At all relevant times Plaintiff was an employee of Defendants and was qualified.

56. Plaintiff started working for Defendants on or about January 13, 2008 and was terminated on

    or about March 25, 2018.

57. Plaintiff worked as a warehouse associate.

58. Plaintiff's protected category is his color, black.

59. Plaintiff had no issue at work until he was assaulted by a white employee. More specially, a

    white employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a

    "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to

    management that Arturo refused to assist Plaintiff with customer and after Plaintiff

    complained that Arturo was discriminating against the Plaintiff.

60. It is telling that Plaintiff was the only black employee in his shift and that Plaintiff was

    terminated yet Arturo continued to work for Defendants despite Plaintiff's complaint of

    discrimination prior to being assaulted.

61. Defendants' reason for termination is pretextual, as Plaintiff never assaulted, touched, or

    fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be

    touched.

62. The causal link between Plaintiff's protected category and Defendants' adverse actions, differential treatment, and/or pattern and practice, caused Defendants' harassment, discrimination, and/or termination, acting by and through its employees which caused; an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendants' own employment policies; and/or Defendants took these adverse employment actions in substantial part because of Plaintiff's protected category.

63. Defendants did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

64. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

65. Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

66. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

67. Plaintiff hereby requests a jury trial.

68. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT FIVE
### Discrimination Race - TITLE VII

69. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

70. At all relevant times Plaintiff was an employee of Defendants and was qualified.

71. Plaintiff started working for Defendants on or about January 13, 2008 and was terminated on or about March 25, 2018.

72. Plaintiff worked as a warehouse associate.

73. Plaintiff's protected category is his race, of Afro-Caribbean.

74. Plaintiff had no issue at work until he was assaulted by a Hispanic employee. More specially, a Hispanic employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer and after Plaintiff complained that Arturo was discriminating against the Plaintiff.

75. It is telling that Plaintiff was the only Afro-Caribbean employee in his shift and that Plaintiff was terminated yet Arturo continued to work for Defendants despite Plaintiff's complaint of discrimination prior to being assaulted.

76. Defendants' reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

77. The causal link between Plaintiff's protected category and Defendants' adverse actions, differential treatment, and/or pattern and practice, caused Defendants' harassment, discrimination, and/or termination, acting by and through its employees which caused; an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendants' own employment policies; and/or Defendants took these adverse employment actions in substantial part because of Plaintiff's protected category.

78. Defendants did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

79. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

80. Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

81. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak

Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks

recovery of reasonable and necessary attorney's fees.

82. Plaintiff hereby requests a jury trial.

83. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as

follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future

loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages;

order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in

lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and

reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such

additional or alternative relief as the Court deems just and proper and/or which Plaintiff may

be entitled to under the applicable laws.

## COUNT SIX
## Discrimination National Origin - TITLE VII

84. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

85. At all relevant times Plaintiff was an employee of Defendants and was qualified.

86. Plaintiff started working for Defendants on or about January 13, 2008 and was terminated on

or about March 25, 2018.

87. Plaintiff worked as a warehouse associate.

88. Plaintiff's protected category is his National Origin, Haitian.

89. Plaintiff had no issue at work until he was assaulted by a non-Haitian employee. More

specially, an employee by the name of Arturo grabbed Plaintiff by the chest and called

Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff

complained to management that Arturo refused to assist Plaintiff with customer and after Plaintiff complained that Arturo was discriminating against the Plaintiff.

90. It is telling that Plaintiff was the only Haitian employee in his shift, that Arturo commented to Plaintiff that he should go back to Haiti and stop taking jobs away from American people, plus that Plaintiff was terminated yet Arturo continued to work for Defendants despite Plaintiff's complaint of discrimination prior to being assaulted.

91. Defendants' reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

92. The causal link between Plaintiff's protected category and Defendants' adverse actions, differential treatment, and/or pattern and practice, caused Defendants' harassment, discrimination, and/or termination, acting by and through its employees which caused;  an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendants' own employment policies;  and/or Defendants took these adverse employment actions in substantial part because of Plaintiff's protected category.

93. Defendants did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

94. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

95. Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the

imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

96. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

97. Plaintiff hereby requests a jury trial.

98. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT SEVEN
### Discrimination Color - SECTION 1981

99. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

100.    At all relevant times Plaintiff was an employee of Defendants and was qualified.

101.    Plaintiff started working for Defendants on or about January 13, 2008 and was terminated on or about March 25, 2018.

102.    Plaintiff worked as a warehouse associate.

103.    Plaintiff's protected category is his color, black.

104.    Plaintiff had no issue at work until he was assaulted by a white employee. More

specially, a white employee by the name of Arturo grabbed Plaintiff by the chest and called

Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff

complained to management that Arturo refused to assist Plaintiff with customer and after

Plaintiff complained that Arturo was discriminating against the Plaintiff.

105.    It is telling that Plaintiff was the only black employee in his shift and that Plaintiff was

terminated yet Arturo continued to work for Defendants despite Plaintiff's complaint of

discrimination prior to being assaulted.

106.    Defendants' reason for termination is pretextual, as Plaintiff never assaulted, touched, or

fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be

touched.

107.    The causal link between Plaintiff's protected category and Defendants' adverse actions,

differential treatment, and/or pattern and practice, caused Defendants' harassment,

discrimination, and/or termination, acting by and through its employees which caused;  an

adverse employment actions; lead to a pattern, practice and/or policy of illegal employment

action; failure to enforce any policy against such illegal activity; failure to follow

Defendants' own employment policies;  and/or Defendants took these adverse employment

actions in substantial part because of Plaintiff's protected category.

108.    Defendants did not act in good faith nor did they have an objective, reasonable ground to

believe that their action did not violate the law.

109.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered

damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

110.    Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

111.    Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

112.    Plaintiff hereby requests a jury trial.

113.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT EIGHT
### Discrimination Race - SECTION 1981

114.    Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

115.    At all relevant times Plaintiff was an employee of Defendants and was qualified.

116.    Plaintiff started working for Defendants on or about January 13, 2008 and was terminated on or about March 25, 2018.

117.    Plaintiff worked as a warehouse associate.

118.    Plaintiff's protected category is his race, of Afro-Caribbean.

119.    Plaintiff had no issue at work until he was assaulted by a Hispanic employee. More specially, a Hispanic employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer and after Plaintiff complained that Arturo was discriminating against the Plaintiff.

120.    It is telling that Plaintiff was the only Afro-Caribbean employee in his shift and that Plaintiff was terminated yet Arturo continued to work for Defendants despite Plaintiff's complaint of discrimination prior to being assaulted.

121.    Defendants' reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

122.    The causal link between Plaintiff's protected category and Defendants' adverse actions, differential treatment, and/or pattern and practice, caused Defendants' harassment, discrimination, and/or termination, acting by and through its employees which caused;  an adverse employment actions; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendants' own employment policies;  and/or Defendants took these adverse employment actions in substantial part because of Plaintiff's protected category.

123.   Defendants did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

124.   As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

125.   Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

126.   Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

127.   Plaintiff hereby requests a jury trial.

128.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT NINE
### Discrimination National Origin - SECTION 1981

129.   Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

130.   At all relevant times Plaintiff was an employee of Defendants and was qualified.

131.   Plaintiff started working for Defendants on or about January 13, 2008 and was terminated on or about March 25, 2018.

132.   Plaintiff worked as a warehouse associate.

133.   Plaintiff's protected category is his National Origin, Haitian.

134.   Plaintiff had no issue at work until he was assaulted by a non-Haitian employee. More specially, an employee by the name of Arturo grabbed Plaintiff by the chest and called Plaintiff a "lazy Haitian idiot." Plaintiff was attacked by Arturo shortly after Plaintiff complained to management that Arturo refused to assist Plaintiff with customer and after Plaintiff complained that Arturo was discriminating against the Plaintiff.

135.   It is telling that Plaintiff was the only Haitian employee in his shift, that Arturo commented to Plaintiff that he should go back to Haiti and stop taking jobs away from American people, plus that Plaintiff was terminated yet Arturo continued to work for Defendants despite Plaintiff's complaint of discrimination prior to being assaulted.

136.   Defendants' reason for termination is pretextual, as Plaintiff never assaulted, touched, or fought back with Arturo. Plaintiff simply raised his hands in the air and asked not to be touched.

137.   The causal link between Plaintiff's protected category and Defendants' adverse actions, differential treatment, and/or pattern and practice, caused Defendants' harassment, discrimination, and/or termination, acting by and through its employees which caused;  an

adverse employment actions; lead to a pattern, practice and/or policy of illegal employment
action; failure to enforce any policy against such illegal activity; failure to follow
Defendants' own employment policies;  and/or Defendants took these adverse employment
actions in substantial part because of Plaintiff's protected category.

138.    Defendants did not act in good faith nor did they have an objective, reasonable ground to
believe that their action did not violate the law.

139.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered
damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

140.    Defendants' actions were harsh, oppressive, and malicious, and as a further and
proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the
Defendants were aggravated by the kind of willfulness, wantonness, and malice for which the
law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary
damages in a sum to be determined by the trier of fact to serve as punishment to deter
Defendants from such conduct in similar situations.

141.    Defendants' actions and conduct as described herein and the resulting damage and loss to
Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak
Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks
recovery of reasonable and necessary attorney's fees.

142.    Plaintiff hereby requests a jury trial.

143.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as
follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future
loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages;
order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in

lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A.  Accept jurisdiction over this matter;

B.  Award Plaintiff for past and future loss of wages and benefits, plus interest;

C.  Award Plaintiff compensatory and punitive damages;

D.  Order Defendants to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

Dated: November 29, 2021                   Respectfully submitted,

/s/Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
United States
Office: 305-942-8070
Email: an@anlawfirm.com
Counsel for Plaintiff

**Verification**

VERIFICATION PURSUANT TO 92.525, FLA. STAT.

Under penalties of perjury, I declare that I have read the foregoing VERIFIED COMPLAINT and that the facts stated in it are true, except as to those facts expressly stated upon information or belief, in which case, such facts are true to the best of my knowledge and belief.

Date: _____

Name: _____

Signed: _____